UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA

IN RE:                                                              CASE NO. 14-10172

EARL W. QUINN, JR. AND                             SECTION "B"
ANNETTE MCDONALD QUINN

    DEBTORS                                                      CHAPTER 7
*****************************************************************************
JOHN MITCHELL
    PLAINTIFF

VERSUS                                                       ADV. P. NO. 14-1021

EARL W. QUINN, JR.
    DEFENDANT

## REASONS FOR ORDER

The matter came before the court on the motion for summary judgment (P-10) filed by Earl W. Quinn, Jr., the debtor and defendant, which seeks dismissal of the complaint filed by John Mitchell under 11 U.S.C. §523(a)(2). The complaint seeks an order declaring nondischargeable any debt owed to Mitchell under a rent to own agreement between Mitchell and Quinn affecting property in Taxarkana, Texas. The motion for summary judgment seeks dismissal of the complaint on the basis that it was not timely filed pursuant to Federal Rule of Bankruptcy Procedure 4007(c). The opposition to the motion argues that the complaint was not timely filed because Mitchell did not receive actual notice of the bankruptcy in time to file a timely complaint. For the reasons set forth below, the court denies the motion for summary judgment.

**I.**     **Background Facts**

The debtor filed a petition for relief under Chapter 7 of the U.S. Bankruptcy Code on

January 29, 2014. The deadline for objecting to discharge of a debt was set as May 5, 2014. There is no dispute that Mitchell was not listed as a creditor in the initial schedules. Because he was not listed as a creditor, Mitchell did not receive notice of the bankruptcy filing or the deadline for objecting to discharge. On April 11, 2014, Mitchell's attorney sent a Notice of Claims under the Texas Deceptive Trade Practices - Consumer Protection Act to Quinn. On April 23, 2014 Quinn's attorney sent a letter to Mitchell's attorney by mail.[1] In the letter, Quinn's attorney stated that Quinn had filed for bankruptcy, and had elected to return the property that was the subject of the rent-to-own agreement to the bank that held the mortgage on the property. The letter notified Mitchell's attorney that the automatic stay was in effect and requested that he direct any future correspondence to Quinn's attorney and not to Quinn. The letter also stated that Quinn's bankruptcy schedules would be amended to reflect Mitchell as a creditor. Attached to the letter was the Notice of Bankruptcy Case Filing generated by the Bankruptcy Clerk's office in Quinn's case. Neither the letter nor the Notice mentioned anything about a deadline to file an objection to discharge.

On April 30, 2014 Quinn amended his schedules F and G and statement of financial affairs to add Mitchell as a creditor.[2] The first page of the amendments was a certification by Quinn's attorney that notice of the amendments had been provided to Mitchell and to Mitchell's attorney. There was no mention, however, either on this certification or anywhere else on the amendments that indicated a deadline for objecting to discharge.

---

[1] It is not clear when the letter was received. Quinn's memorandum states that it was sent by fax, but the letter itself shows that it was sent via U.S. mail. If the court assumes it was sent by mail from Louisiana to Texas, it must have taken at least a day or two to be delivered.

[2] (P-24) and (P-25).

On May 8, 2014 the court entered the order discharging Quinn (P-28). On May 29, 2014 Mitchell filed his complaint objecting to the discharge of any debt to be found owing to Mitchell under section 523(a)(2) of the Bankruptcy Code.

## II     Legal Analysis

Quinn's motion argues that under Federal Rule of Bankruptcy Procedure 4007(c) and the United States Firth Circuit Court of Appeals' decision in *Neeley v. Murchison*, 815 F.2d 345 (5th Cir 1987), the deadline for filing complaints to determine the dischargeability of debts is strict if a creditor has notice or actual knowledge of the bankruptcy case.[3] Quinn contends that on February 2, 2014 he placed a notice on the front door of the property in Texas that was the subject of the rent-to-own agreement, and that notice stated that he had filed for bankruptcy and requested that Mitchell contact him. Quinn argues that this posted notice is sufficient to constitute actual knowledge for purposes of FRBP 4007(c) and Mitchell is thus time barred from filing his complaint. Quinn further argues that even if the court finds that the posted notice did not constitute actual notice, then the April 23, 2014 letter certainly did and that was also received by Mitchell in time to give Mitchell adequate time to file a dischargeability complaint.

Mitchell responds that his first notice of the bankruptcy was when his attorney received the April 23, 2014 letter from Quinn's attorney. Mitchell also stated in an affidavit filed with his response to the motion for summary judgment that he did not receive the notice Quinn claims to

---

[3] Rule 4007(c) states in part:

> Except as provided in subdivision (d), a complaint to determine the dischargeability of a debt under § 523(c) shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a). The court shall give all creditors no less than 30 days' notice of the time so fixed in the manner provided in Rule 2002.

have posted at the property on February 2, 2014.

Summary judgment should be granted where, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[4] The party seeking summary judgment bears the initial burden of demonstrating the absence of genuine issues of material fact and that the moving party is entitled to judgment as a matter of law.[5] A material fact is one that "might affect the outcome of the suit under the governing law," and an issue is genuine when, "the evidence is such that a reasonable [factfinder] could return a verdict for the nonmoving party."[6] All inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion.[7]

Here, the court finds that Quinn, the movant, did not show that Mitchell received actual notice before the April 23, 2014 letter from Quinn's attorney to Mitchell's attorney. Although Quinn argues that he posted the February 2, 2014 notice on the property, he does not claim to know whether Mitchell actually received it. Mitchell states he did not, and Quinn did not counter that assertion. Further, if Quinn knew that he should notify Mitchell of the bankruptcy

---

[4] Federal Rule of Civil Procedure 56(c) made applicable herein by Federal Rule of Bankruptcy Procedure 7056.

[5] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Willis v. Roche Biomedical Lab, Inc.*, 61 F.3d 313, 315 (5th Cir. 1995).

[6] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.ed.2d 202 (1986).

[7] *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

as early as February, 2, 2014, the court wonders why Quinn did not amend his schedules to add Mitchell as a creditor at that point instead of waiting until April 30, 2014 to do so. The court finds that Mitchell did not have actual knowledge of the bankruptcy case before receipt of the April 23, 2014 letter. Thus, the court is left to determine whether the time - 11 days or less- between receipt of the April 23, 2014 letter and the May 5, 2014 deadline for objecting to dischargeability was sufficient. The court finds that it was not.

When a bankruptcy case is filed, the debtor is required to file a list of all his creditors.[8] In this district, local rule 1007-2(A) requires voluntary petitioners to "file a complete mailing matrix containing the correct name and address of all known creditors and other parties in interest." The clerk's office then generates a notice that is sent to all creditors listed on the mailing matrix. The notice lists the time, date and place for the meeting of creditors and gives the deadlines for several important events that occur during the course of the bankruptcy case. One of these noticed deadlines is the deadline for objecting to discharge or to the dischargeability of certain debts.

The Bankruptcy Code and Rules and the cases interpreting them require a dischargeability complaint to be filed timely. There is, however, an exception to dischargeability of a debt under section 523(a)(3), which states that the discharge received under section 727 of the Bankruptcy Code does not discharge an individual debtor from any debt:

> Neither listed nor scheduled under section 521(1) of this title, with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit–
> 
> ***
> 
> (B) if such debt is of a kind specified in paragraph (2), (4), or (6) of this

---

[8] 11 U.S.C. § 521(a)(1)(A).

subsection, timely filing of a proof of claim and timely request for a determination of dischargeability of such debt under one of such paragraphs, unless such creditor had notice or actual knowledge of the case in time for such timely filing and request.[9]

There is no hard and fast rule as to what is considered timely for purposes of section 523(a)(3). Quinn relies on two Fifth Circuit decisions, *Neeley v. Murchison*, 815 F.2d 345 (5th Cir 1987) and *In re Sam,* 894 F.2d 778 (5th Cir. 1990). The *Neeley* decision concerned a creditor who was listed in the initial schedules and received notice of the meeting of creditors, but the court's notice did not list the deadline for filing a dischargeability complaint within 60 days of the date of the creditors' meeting as required by FRBP 4007 (c). The creditor in that case was represented from the outset of the bankruptcy case, but despite repeated inquiries by the attorney, the clerk's office erroneously stated that no deadline had been set. The creditor eventually filed a dischargeability complaint ten days after the deadline had passed, and the bankruptcy judge dismissed it as time barred. The Fifth Circuit agreed on the basis that Rule 4007(c) sets a fixed limitation of 60 days from the date of the creditors' meeting for the filing of dischargeability complaints. The Fifth Circuit rejected the creditor's argument that FRBP 2002(f), which requires the court to give at least 30 days notice to creditors of the time fixed for filing a dischargeability complaint, suspended the Rule 4007(c) deadline. The *Neeley* court also held that in that case, the provisions of section 523(a)(3)(B) did not apply, because the creditor had notice of the bankruptcy, and so it was incumbent upon him to file his complaint before the Rule 4007(c) deadline expired.

In *Sam*, the Fifth Circuit addressed the issue in the context of a debtor who failed to list a

---

[9] 11 U.S.C. § 523(a)(3)(B).

creditor, and then sent a notice that did not indicate a bar date to the creditor 18 days before the deadline for objecting to dischargeability. Then four days before the deadline, the debtor amended the schedules to add the creditor. The creditor filed his dischargeability complaint 30 days after the deadline had passed. The bankruptcy court held that 18 days was enough time for the creditor to have filed a complaint and held the complaint was time barred. The Fifth Circuit upheld the bankruptcy court finding that eighteen days was sufficient time to put the creditor on notice that his claim was affected by the bankruptcy.

In *In re Smith,* 582 F.3d 767 (7th Cir. 2009), however, the Seventh Circuit Court of Appeals found that a debtor who amended his schedules 16 days before the deadline to object to dischargeability did not give the creditor adequate notice of the bankruptcy for purposes of section 523(a)(3)(B). So eighteen days is sufficient time according to one court, sixteen days is not according to another. In this case, Mitchell had at most 11 days.[10] Rather than make some arbitrary decision on what exact number of days constitutes enough time for purposes of section 523(a)(3)(B), the court will consider all of the circumstances in this case in making its ruling.

Local Rule 1007-2(D) concerns the amendment of a debtor's schedules to add a creditor. Rule 1007-2(D)(3)(b) addresses a case such as this where the amendment adding a creditor is filed less than 28 days before the last date to object to dischargeability. The rule requires the debtor to file an *ex-parte* motion requesting permission to amend the schedules and to extend the

---

[10] The court uses FRBP 9006 to compute the time between April 23, 2014 and May 5, 2014 as 11 days. The court notes, however that although the letter and notice were sent to Mitchell's attorney on April 23, 2014, they were sent by U.S. mail, so they were probably not received until several days later, making the actual time even shorter than 11 days.

deadline for objecting to discharge.[11]  The purpose of the rule is to avoid situations like the current one where the debtor provides the creditor notice of the bankruptcy with only a few days or weeks before the deadline to object to dischargeability, but the time period is not long enough to provide the creditor with a meaningful opportunity to protect his rights.

In this case Quinn amended the schedules to add Mitchell as a creditor, but he did not file the *ex parte* motion required by the local rules to amend the schedules and extend the deadline.  Given the short time period between when Mitchell had actual knowledge of the Bankruptcy case, and that Quinn failed to follow the local rule designed to prevent these types of situations, the court holds that Mitchell's complaint is not time barred under section 523(a)(3)(B).  Quinn's motion for summary judgment dismissing the case is denied.

New Orleans, Louisiana, December 16, 2014.

                                                                  Jerry A. Brown
                                                                  U.S. Bankruptcy Judge

---

[11] This rule suggests that at a minimum, 28 days notice of the deadline should be given to a creditor, at least in this district.